**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, JAMES S. JORGENSEN, Administrator of the Funds,<br><br>Plaintiffs,<br><br>v.<br><br>R & W Clark Construction, Inc., et al.,<br><br>Defendants. | Case No. 10 C 3745<br><br>Judge Gottschall |

**PLAINTIFFS' MOTION FOR PROVE-UP OF DAMAGES**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and James S. Jorgensen, pursuant to Rule 55 of the Federal Rules of Civil Procedure, by their attorney, state:

1. On June 16, 2010, plaintiffs filed a complaint under Section 301(a), of the Labor Management Relations Act, 29 U.S.C. § 185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(3), as amended, alleging that at all material times defendants had an obligation arising from a collective bargaining agreement to pay contributions as determined by the Funds' auditors for the periods July 1, 2006 through December 31, 2008 and January 1, 2009 through June 30, 2010.

2. R & W Clark Construction, Inc., is not a corporation but is owned and operated as

1

a sole proprietorship by Richard W. Clark ("Clark"), who is also a defendant in this action. In addition, Clark used an entity called Fortmeyer Construction Co. ("Fortmeyer"), as a single employer with or successor of R & W Clark Construction, Inc. Fortmeyer is an Illinois corporation. On July 28, 2010 this Court entered an order of default against all three defendants. [Docket No. 13].

3. The July 28, 2010 order required the defendants to submit books and records for an audit. Plaintiffs now move for prove-up of damages and a judgment in an amount certain against defendants R & W Clark Construction, Clark, individually and Fortmeyer based on the results of two audit reports that were reviewed by the Funds' Field Representative, Michael Christopher

4. As established by Mr.Christopher, the Funds' auditors from Richard J. Wolf and Company performed the audit covering the period from July 1, 2006 through December 31, 2008 and prepared a report reflecting contributions owed on behalf of R & W Clark's covered employees. (See, Exhibit A, Christopher Affidavit ¶3). After revising the report based on amounts paid and the challenges provided by the Company, the principal amount of contributions owed to the Welfare, Pension, Training, LDCLMCC, CAICA and LECET funds, and for Union dues reflected in the report is $46,957.04.

5. Mr. Christopher also establishes that the firm of Bansley and Kiener, LLP reviewed the defendant's records reflecting contributions due to the Funds for the period from January 1, 2009 through June 30, 2010. The Funds revised down the Bansley & Kiener LLP audit report based on amounts paid, and the balance reflects principal contributions owed to the Welfare, Pension, Training, LDCLMCC, CAICA and LECET funds, and for Union dues in the total amount of $65,538.63. (See, Christopher Affidavit, Ex. A ¶5).

6. According to the collective bargaining agreement and the respective Trust Agreements to which the defendants are bound, payment is also owed for liquidated damages in the amount of 20% of the unpaid or late contributions to the Welfare, Pension, and Training funds, and 10% of the principal amount of delinquent contributions to the LDCLMCC, CAICA and LECET funds, and for Union dues. Additionally, interest is calculated at the prime rate (as charged by Chase Bank) plus two percent is owed for all delinquencies. As established by the affidavit of Mr. Christopher, the amount of $9,307.49, is due in liquidated damages in connection with principal amounts due for the reporting period of July 1, 2006 through December 31, 2008. In connection with the audit report covering the period from January 1, 2009 through June 30, 2010, liquidated damages are $12, 731.90. Interest is due in the amount of $2,406.49, for the 2006-2008 audit report and $3,967.30 for the 2009-2010 audit report. (Mr. Christopher's affidavit, Ex. A, ¶ 4, 6).

7. The costs charged to the Laborers' Funds in connection with the audit reports include $1,105.00, for the 2006 through 2008 report, and $1,952.10, related to the 2009 through 2010 report.

8. In addition this Company failed to pay certain contributions in a timely manner for the period after March 2008, which incurred penalties to the Funds in the amount of $9,703.88.

9. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Karen I. Engelhardt establishes the amount of attorneys' fees incurred in this matter are $5,895.00, and $495.00 in costs, which include $350.00 in filing fees $140.00 in service fees (See, Affidavit of Karen Engelhardt, Exhibit B).

**WHEREFORE,** plaintiffs request entry of a judgment against R & W Clark Construction, Inc., Richard W. Clark and Fortmeyer Construction Company, jointly and severally, in a total amount of $160,059.83.

                                              Respectfully submitted,

                                              /s/ Karen I. Engelhardt
                                              One of plaintiffs' attorneys

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

February 3, 2011